UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY L. MCDANIEL,

       Plaintiff,                          Case No. 2:15-cv-12507
                                            Judge Paul D. Borman
v.                                               Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY AS MOOT
DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE
(DE 16)**

**I.**    **RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Defendant's motion to dismiss for

failure to prosecute (DE 16) as **MOOT**.

**II.**    **REPORT**

      Plaintiff, Terry L. McDaniel, filed this complaint for judicial review of a

social security decision pro se.  (DE 1.)  His application to proceed *in forma*

*pauperis* was granted.  (DE 2, DE 6.)  Thereafter, the Commissioner filed both an

answer to the complaint and a copy of the administrative record.  (DE 13, DE 14.)

Pursuant to the Court's January 5, 2016 scheduling order, Plaintiff's motion for

summary judgment was due by January 19, 2016.  (DE 15.)

Among the motions pending in this case is the Commissioner's February 11, 2016 motion to dismiss for failure to prosecute. (DE 16.) In the wake of this motion, Plaintiff has filed a motion for extension of time, which this Court has granted (DE 17, DE 18); counsel has filed an appearance on Plaintiff's behalf, as well as another motion to extend, which this Court has also granted (DE 19, DE 20); and Plaintiff has filed a motion for summary judgment (DE 21; *see also* DE 22). Given the current procedural posture of this case, the Court should deny the Commissioner's February 11, 2016 motion to dismiss for failure to prosecute (DE 16) as moot. Once the briefing on this case has closed, the Undersigned will issue a separate report and recommendation on any other pending motions for summary judgment.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated: August 23, 2016               s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on August 23, 2016, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti

3