UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY L. MCDANIEL,

        Plaintiff,                                                                   Case No. 15-12507

v.                                                                      Paul D. Borman
                                                                        United States District Judge

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF                       Anthony P. Patti
SOCIAL SECURITY,                                          United States Magistrate Judge

        Defendant.
_____/

**OPINION AND ORDER:
(1) REJECTING DEFENDANT'S OBJECTION (ECF NO. 37);
(2) ADOPTING THE REPORT AND RECOMMENDATION OF
MAGISTRATE JUDGE ANTHONY P. PATTI (ECF NO. 36);
(3) DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (ECF NO. 27);
(4) GRANTING PLAINTIFF'S AMENDED MOTION FOR SUMMARY
JUDGMENT (ECF NO. 30);
(5) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 34);
(6) REVERSING THE DECISION OF THE COMMISSIONER; AND
(7) REMANDING FOR FURTHER PROCEEDINGS PURSUANT TO
SENTENCE FOUR OF 42 U.S.C. § 405(g)**

On February 7, 2017, Magistrate Judge Anthony P. Patti issued a Report and Recommendation addressing the outstanding motions in this action. (ECF No. 36, Report and Recommendation.) In the Report and Recommendation, the Magistrate Judge recommended that this Court deny as moot Plaintiff's August 29, 2016 Motion for Summary Judgment (ECF No. 27), grant Plaintiff's September 2, 2016

Motion for Summary Judgment (ECF No. 30), Deny Defendant's Motion for Summary Judgment (ECF No. 34), reverse the decision of the Commissioner of Social Security ("**Commissioner**"), and remand the matter to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

Now before the Court is Defendant's Objection to the Report and Recommendation. (ECF No. 37, Def.'s Objs.) Plaintiff filed a timely Response. (ECF No. 39.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will reject Plaintiff's Objection and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The findings of the Administrative Law Judge ("**ALJ**") and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Report and Recommendation. There are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (Report and Recommendation at 2-6; ECF No. 14, Transcript of Social Security Proceedings at 10-17 (hereinafter "**Tr. at \_\_\_**").) The following summary contains only the facts essential to the Court's evaluation of Defendant's objections.

Plaintiff first submitted an application for Supplemental Security Income ("**SSI**") to the Social Security Administration ("**SSA**") in either June or July of 2012. (Tr. 10, 94.) Plaintiff alleged that he had been disabled since May 10, 2012, owing to chronic pain in his neck, lower back, knees, and left wrist. (Tr. at 94, 110.) His SSI application was denied on November 26, 2012. (Tr. at 39-46.)

On February 26, 2014, ALJ Oksana Xenos held a *de novo* hearing on Plaintiff's SSI application. Plaintiff, who was unrepresented (tr. at 23-24), and Vocational Expert Pauline McEachin testified at the hearing. (Tr. at 21-38.) At the hearing, the ALJ asked Plaintiff whether, in addition to the documents he had brought to the hearing, there were any health care providers that the SSA should obtain updated records from. (Tr. at 25-26.) After naming a few such health care providers, Plaintiff testified as follows:

> ALJ: Go ahead.
>
> CLMT: Mendolsohn, Dr. Mendolsohn. I just had surgery on my knee.
>
> ALJ: Mendolsohn?
>
> CLMT: Yeah. And he did surgery on my knee.
>
> ALJ: Oh. And where is he located?
>
> CLMT: On the Lavan and Five Mile.
>
> ALJ: Lavan and Five Mile?
>
> CLMT: Yes.

> ALJ: And what is that, is that Livonia over there or what?
>
> CLMT: I think that is Livonia. Yes.
>
> ALJ: Okay. When did you have that surgery with him?
>
> CLMT: Last month, around the -- I think it was the 24th. It was the 24th, the 24th.
>
> ALJ: Of what?
>
> CLMT: January.
>
> ALJ: Okay. January 24th. All right. We will get that record also.

(Tr. at 27-28.)

The ALJ then proceeded to elicit testimony from Plaintiff on his condition, as well as related opinion testimony from McEachin. (Tr. at 28-37.) Before closing the hearing, the ALJ stated on the record:

> We're going to request updates from all of the doctors and clinics and so on that you mentioned. When they come in you'll be receiving a copy of whatever they sent us. And then I will, at that point, I will make a decision and issue a written decision which will state my findings of fact and my conclusions of law.

(Tr. at 37.)

The administrative record indicates (and the Magistrate Judge noted) that two requests for records sent by the SSA after the hearing appear to have been unsuccessful. A request for records sent by the SSA to "Dr. Mendelsohn" of "Livonia Orthopedics/Physical therapy" at "14555 Levan, Ste #215" in Livonia,

4

Michigan was returned to the sender, with the words "Physical therapy" under the addressee's name circled and the words "No Records found" written on at the bottom. (Tr. at 581-585.) And a similar letter requesting records that was sent to "Cherry Hill Chiropractic" in Westland, Michigan, was returned with the text "RETURN TO SENDER" and "UNABLE TO FORWARD" on the front of the envelope. (Tr. at 586-591.)

In her decision issued April 24, 2014 (tr. at 7-20), the ALJ employed the five-step evaluation process required by 20 C.F.R. § 404.1520(a)(4), and made the following determinations: Plaintiff has never engaged in substantial gainful activity (**Step 1**); Plaintiff has the specific severe impairments of herniated and bulging discs in the spine, radiculopathy, right knee and right shoulder arthralgia, a right ulnar tear, and obesity (**Step 2**); Plaintiff does not have an impairment that meets or medically equals an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1, *et seq.* (**Step 3**); Plaintiff has the residual functional capacity to perform light work under certain conditions (**Step 4**); and there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (**Step 5**). (Tr. at 12-16.) Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 17.) Plaintiff requested review of this decision, and the request was denied on

June 9, 2015. (Tr. at 2-6.)

Plaintiff filed this action on July 15, 2015 (ECF No. 1), and the case was referred to the Magistrate Judge the next day (ECF No. 3). Although Plaintiff originally filed *pro se*, attorney Eva I. Guerra filed an appearance on his behalf on March 31, 2016. (ECF No. 19.) Guerra remains Plaintiff's counsel in this action.

Plaintiff moved for summary judgment on August 29, 2016 (ECF No. 27), and then filed an Amended Motion for Summary Judgment on September 2, 2016 (ECF No. 30). (The Amended Motion for Summary Judgment was apparently filed in order to correct a filing error, and does not differ substantively from the original Motion.) Defendant filed her own Motion for Summary Judgment on November 9, 2016. (ECF No. 34.)

In the Report and Recommendation, the Magistrate Judge recommended that the Court deny as moot Plaintiff's first Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and grant Plaintiff's Amended Motion for Summary Judgment, thereby requiring remand to the SSA for further proceedings. Although the Magistrate Judge comprehensively addressed all of the issues raised by the parties, only one is subject to review here: the Magistrate Judge's finding that the ALJ did not fully develop the record as required by 20 C.F.R. §§ 404.1512(d) and 416.912(d). Defendant raises two specific objections to

this finding. For the reasons stated below, the Court will reject Defendant's objections and adopt the Magistrate Judge's Report and Recommendation.

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits

or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

### III. ANALYSIS

**A. Defendant's First Objection: The SSA Had No Follow-Up Obligation under the Applicable Regulations.**

As mentioned above, the proper inquiry here involves an analysis not only of whether the SSA's determination was supported by substantial evidence, but also of whether the SSA "fail[ed] to follow its own regulations and [whether] that error prejudice[d] a claimant on the merits or deprive[d] the claimant of a substantial right." *Bowen*, 478 F.3d at 746. Here, the Magistrate Judge determined that the

SSA failed to follow its own regulations in a manner that prejudiced Plaintiff—specifically by not making any further attempt to contact the "Dr. Mendelson" to whom Plaintiff made reference at the hearing after it received the "no records found" response.

The applicable regulations provide the following assurance to Social Security claimants:

> Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. We will make *every reasonable effort* to help you get medical evidence from your own medical sources and entities that maintain your medical sources' evidence when you give us permission to request the reports.

20 C.F.R. §§ 404.1512(b), 416.912(b) (emphasis added). And crucially, the regulations define "every reasonable effort" as follows:

> Every reasonable effort means that we will make an initial request for evidence from your medical source or entity that maintains your medical source's evidence, and, at any time between 10 and 20 calendar days after the initial request, *if the evidence has not been received, we will make one follow-up request to obtain the medical evidence necessary to make a determination.* The medical source or entity that maintains your medical source's evidence will have a minimum of 10 calendar days from the date of our follow-up request to reply, unless our experience with that source indicates that a longer period is advisable in a particular case.

*Id.* (emphasis added).

Plaintiff argued (and the Magistrate Judge agreed) that the ALJ was obligated by these regulations to make "one follow-up request" to Dr. Mendelson's office, and that since the first request was apparently sent to the wrong address,[1] a follow-up request—or at least a notification to Plaintiff of the "no records found" response, as the ALJ had told him she would provide—would have revealed the error and allowed for a request to be sent to the correct address. Defendant's position is that the condition which triggers the follow-up obligation ("if the evidence has not been received") was never actually met: the notification sent to the SSA that "no records [were] found" was itself "the evidence" and thus the follow-up obligation was not triggered. The determinative issue is therefore whether, on these facts, the regulations quoted above generated an obligation on the ALJ's part to follow up with the health care provider that Plaintiff identified at the hearing.

Although there does not seem to be any controlling precedent that speaks directly to what meets the "every reasonable effort" standard in circumstances like these, courts consistently hold that this determination, like any "reasonableness"

---

[1] Plaintiff argued that this was the reason for the "no records found" response because this health care provider, at least as of September 2016, was located at a different address. Defendant counters that it is just as plausible that Defendant *was* located at the address the request was sent to, and moved in the interim time. The Magistrate Judge found Plaintiff's account more plausible, and the Court agrees.

determination, requires a court to consider all facts it deems to be relevant in a particular case. *See, e.g., Webb v. Comm'r of Soc. Sec.*, No. 2:16-CV-10015, 2017 WL 1164708, at *4 (E.D. Mich. Mar. 29, 2017) (holding that an ALJ did not have a duty to request a set of records where the plaintiff had represented that she herself would obtain the records through counsel); *D'Angelo v. Comm'r of Soc. Sec.*, 475 F. Supp. 2d 716, 722 (W.D. Mich. 2007) (holding that the ALJ had not sufficiently developed the record in light of the fact that the plaintiff was unrepresented and the fact that the administrative "record include[d] virtually no medical records of plaintiff's treatment with" his treating physician); *Jones v. Apfel*, 66 F. Supp. 2d 518, 539 (S.D.N.Y. 1999) (holding that the ALJ had not adequately developed the record where he "left it entirely up to [the plaintiff] to procure her treating physician medical records, even though the ALJ knew from the record that [the plaintiff] had a psychological disorder" and where he "saw for himself that [the plaintiff] had problems following instructions and got confused when she asked for an attorney at the hearing, and gave confusing answers about who treated her and when").

Given certain facts present in this case, accepting Defendant's argument that the ALJ had no follow-up obligation after receiving the "no records found" response would require the Court to read nearly all meaning out of the phrase

12

"every reasonable effort." These facts include: (1) the fact that Plaintiff stated on the record at his hearing before the ALJ that he had recently had knee surgery, as well as the date and the name of the physician who provided that surgery (tr. at 27); (2) the fact that the ALJ indicated to Plaintiff that the SSA would obtain records of that surgery and send what was received to Plaintiff (tr. at 27-28, 37); (3) the fact that the administrative record reflects assessments by medical professionals that Plaintiff was a poor historian (tr. at 158, 293, 323); and (4) the fact that Plaintiff was unrepresented in the course of the proceedings (tr. at 23-24).[2]

If, given those facts, the ALJ's obligation to make "every reasonable effort" did not require more than accepting a cursory statement that no records were found of a surgery that Plaintiff clearly stated he had had roughly a month before, then the standard has little practical meaning. Accordingly, the Court rejects Defendant's first objection.

**B.     Defendant's Second Objection: Plaintiff Has Not Proffered Facts to Establish that the ALJ Committed Reversible Error.**

In her second objection, Defendant argues that Plaintiff has not shown the level of prejudice required to justify remand because he has not cited "specific

---

[2] "When a disability claimant is not represented by counsel at the administrative hearing, the ALJ has a special duty to ensure that a full and fair administrative record is developed." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986) (quoting *Lashley v. Secretary of Health & Human Services,* 708 F.2d 1048, 1051 (6th Cir. 1983)); *see also D'Angelo*, 475 F. Supp. 2d at 722.

additional medical facts about Plaintiff's work-related functional limitations." (Def.'s Objs. at 3.) Defendant has not, however, cited any authority binding on this Court that establishes that in cases where an ALJ has inadequately developed the record, the Plaintiff's burden is to put forward "specific additional medical facts" showing that record lacked evidence to a degree that was prejudicial to the claimant.

The only Sixth Circuit case cited by Defendant is inapposite because it does not address inadequate development of an administrative record by an ALJ, but rather the burden that must be met by a claimant who seeks remand based on medical evidence that was generated after the hearing before the ALJ. *See Foster v. Halter*, 279 F.3d 348, 357–58 (6th Cir. 2001). Defendant's other cited case, *Nelson v. Apfel*, 131 F.3d 1228 (7th Cir. 1997), is also unavailing: there, the plaintiff's failure to identify specific facts missing from the record—which Defendant characterizes as fatal to the plaintiff's case both in that case and here—was in fact only one reason that the court denied remand, along with the fact that the plaintiff did not indicate "any medical evidence that was disregarded" and the fact that he did not "demonstrate[] prejudice by showing a significant omission from the record." *Id*. at 1236. Even if those facts were not present in this case, *Nelson* is not precedential, and less than persuasive in view of the Sixth Circuit authority cited in

14

the next paragraph.

More relevant here is *Strang v. Comm'r of Soc. Sec.*, 611 F. App'x 271 (6th Cir. 2015), in which an ALJ represented to a claimant at his hearing that she would obtain certain recently created documents from the claimant's treating physician, and then failed to do so. There, the Sixth Circuit held that remand was warranted on this basis because "by telling [the plaintiff] she would procure certain documents for the record and then failing to follow through, the ALJ effectively deprived [him] of a full and fair hearing." *Id.* at 275. The court acknowledged that the prejudice requirement meant that such claims were generally subject to a harmless-error analysis, but explained that

> [i]n a situation where the ALJ agrees to procure more information for the record and fails to do so, . . . "[t]he lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits." This court has "no way of knowing whether the evidence from this case would sustain [the plaintiff's] contentions," but, "in the absence of proof to the contrary . . . we must assume that it does lend credence" to those contentions.

*Id.* at 276 (quoting *Brown v. Shalala*, 44 F.3d 931, 935–36 (11th Cir. 1995)); *see also Morgan v. Astrue*, No. 3:09-CV-262, 2010 WL 3723992, at *9 (E.D. Tenn. June 30, 2010), *report and recommendation adopted*, No. 3:09-CV-262, 2010 WL 3723985 (E.D. Tenn. Sept. 15, 2010) ("Once an ALJ has communicated to a

claimant that he will intervene and directly obtain the claimant's medical records from a medical care provider, the ALJ must follow through or else he will commit a procedural error that warrants remand. This is so because a claimant who has been told that his medical records will be obtained and considered by the ALJ will likely not make an effort on his own to obtain and submit the records. The claimant will simply trust that the ALJ will follow through. If the ALJ then fails to do so, the claimant clearly will be prejudiced."). It is also worth noting that in *Brown*, the decision quoted by the Sixth Circuit in *Strang*, the Eleventh Circuit cautioned that not every allegation that an ALJ has neglected to complete the record justifies remand, but then went on to explain that "[t]he likelihood of unfair prejudice to a claimant may arise, however, where . . . the evidentiary gap involves *recent medical treatment, which the claimant contends supports her allegations of disability*, or the receipt of vocational services." *Brown*, 44 F.3d at 936 (emphasis added).

The cases discussed above suggest that the likelihood of a claimant's suffering prejudice by virtue of an ALJ's failure to obtain particular documents is heightened where the ALJ has represented that he or she would obtain the records—particularly in cases involving *pro se* claimants—and where the documents at issue relate to recent medical treatment such that they could have

16

bearing on the determination of disability. Both are true here. The Court agrees with the Magistrate Judge's conclusion that the gap in the record regarding Plaintiff's January 24, 2014 knee surgery is a "significant omission," as well as his conclusion that it was prejudicial to the Step 3 determination in Plaintiff's case, and potentially the Step 4 and Step 5 determinations as well. (Report and Recommendation at 29-31.) The Court therefore rejects Defendant's second objection.

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby:

- REJECTS Defendant's Objection (ECF No. 37);

- ADOPTS the Report and Recommendation of Magistrate Judge Anthony P. Patti (ECF No. 36) as this Court's findings and conclusions of law;

- DENIES AS MOOT Plaintiff's Motion for Summary Judgment (ECF No. 27);

- GRANTS Plaintiff's Amended Motion for Summary Judgment (ECF No. 30);

- DENIES Defendant's Motion for Summary Judgment (ECF No. 34);

- REVERSES the decision of the Commissioner; and

- REMANDS the case to the SSA under Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

The scope of the proceedings on remand shall be limited to the securing of records regarding Plaintiff's treatment by Dr. Mendelson in January and/or February of 2014, and determination of the extent to which those records affect the analysis required by 20 C.F.R. § 404.1520(a)(4). Plaintiff's counsel shall make all reasonable efforts to assist the ALJ in obtaining these records within 60 days of the date of this Order. Once the records have been obtained, the Court directs the ALJ on remand to "perform a new Step 3 analysis and finding as to Listing 1.02(A) in light thereof; and . . . re-evaluate the Step 4 RFC and Step 5 findings as necessary." (Report and Recommendation at 31.)

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: April 17, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 17, 2017.

s/D. Tofil
Deborah Tofil, Case Manager

18